*1022 OPINION OF THE COURT
Lee L. Holzman, J.
In this application by the decedent’s spouse to judicially settle her account both as the temporary and permanent administratrix of his estate, it appears that an issue of first impression has been presented. The issue is whether maintenance payments totaling $49,000 that were paid to the petitioner as the spouse of an absentee pursuant to SCPA 907 should, in light of the fact that a judicial determination has now been rendered declaring that the decedent died prior to the date that these payments commenced, be treated as an advance payment of the funds to which she is entitled as exempt property under EPTL 5-3.1 and as an intestate share under EPTL 4-1.1.
The petitioner’s spouse disappeared in July 1994. A decree was entered August 5, 1994, appointing the petitioner as the temporary administrator of his estate (SCPA 901 [2]). Although the petitioner was awarded the sum of $1,000 as a monthly maintenance payment pursuant to SCPA 907, the award was without prejudice to the rights of any other interested party to contend that the payments should be treated as an advance payment of either or both her right to exempt property and her intestate share. Ultimately, pursuant to EPTL 2-1.7, the absentee was declared dead as of July 14, 1994 (Matter of Cosentino, 177 Misc 2d 629). A decree was entered on August 20, 1998, granting permanent letters of administration to the petitioner. The decedent’s distributees are his surviving spouse and four infant children. The petitioner, who is the decedent’s third wife, is the mother of only one of the children.
The public policy consideration which led to the enactment of SCPA 907 is that the disappearance of a person should not leave those who are entitled to be supported by the absentee without support where the absentee has left sufficient assets behind to provide support. This statute is one of numerous statutes requiring each spouse to support the other and their infant children while they are both alive. However, absent an agreement to the contrary, upon the death of one spouse, neither the survivor nor their children have a right to support from the estate of the deceased spouse (Cohen v Cronin, 39 NY2d 42).
There is no provision in SCPA 907 which deals with the subject of refunding any payments made under the statute. The silence of the statute on this issue could be construed as *1023 reflecting a legislative intent that the recipient should never be required to refund or be charged with these payments. Based upon the public policy considerations underlying SCPA 907, this clearly appears to be the proper result should the absentee reappear and seek to recoup any of the support payments that had been made during the absence. Even if the absentee is declared dead three years after the disappearance or on another date pursuant to EPTL 2-1.7 or otherwise, it might be unduly harsh to hold that the recipient of maintenance payments is obligated to refund the payments or is to be charged with the payments made between the date of disappearance and the date that the decedent was declared dead. In balancing the equities to determine the issue presented, consideration might be given to whether the recipient of the maintenance payments is the only person who was entitled to be supported by the absentee and whether the recipient is being asked to refund maintenance payments already made rather than merely being charged with the payments to reduce the amount of the exempt property or the distributive share of the estate which is now to be paid to the recipient. In appropriate circumstances, it could be envisioned that the competing equities might weigh in favor of allowing the recipient to keep all of the payments made, including those made prior to the court’s determination as to the date that the absentee is deemed to have died, even though the deemed date of death is ultimately determined to be a date prior to the date of some or all of the payments.
Here, the entire $49,000 was paid to the petitioner after the date that the court ultimately determined was the date of death of her husband. Furthermore, all of the decedent’s distributees were entitled to be supported by him prior to the date of his death and the petitioner was the only one who received any payment after the date of his disappearance. In light of the fact that the payments were made after the date that the decedent has now been declared to have been dead, technically, the payments cannot be deemed to be support payments (see, Cohen v Cronin, supra), and under the circumstances presented, it does not appear equitable to permit the petitioner to retain the $49,000 paid to her without it being charged as an advance payment of the funds to which she is entitled as a result of her husband’s death. Accordingly, under the narrow facts of this case, including specifically (1) that the payments were made after the date that the court has now determined was the date of death of the decedent, (2) that the petitioner is *1024 not being asked to actually refund from her own pocket any money that she has already expended, and (3) that all of the decedent’s other distributees were entitled to support from their father and have not received any support since the date of his disappearance, the court holds that the $49,000 paid to the petitioner is to be treated as having satisfied her right to keep $15,000 as exempt property under EPTL 5-3.1 and as an advance on her intestate share.
[Portions of opinion omitted for purposes of publication.]